IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-cv-00319-BO-RJ

| | |
|---|---|
| KATHY R. ALLEN,<br>    Plaintiff,<br><br>v.<br><br>ARTHUR L. ALLEN, *deceased*; MARY FLAGER ALLEN, ANTHONY A. KLISH, STATE EMPLOYEES CREDIT UNION, CATHLEEN M. PLAUT, STEVE R. ALLEN, DUANE JONES, EDWARD MAGINNIS, THE NORTH CAROLINA SUPREME COURT JUDGE PANEL, JUDGE VALERIE ZACHARY, JUDGE JEFF CARPENTER, JUDGE JULEE FLOOD, THE NORTH CAROLINA SUPREME COURT CLERK OF THE COURT, GRANT E. BUCKNER, WILLIAM D. HARAZIN PLLC, JOHN L. WRIGHT, HEDRICK GARDNER, KINCHELOE & GAROFALO LLP, and WILLIAM D. HARAZIN,<br>    Defendants. | O R D E R |

This matter is before the Court on multiple motions to dismiss, motions for extensions of time in which to file responses or pleadings, a motion for default judgment, and a motion to submit the case to the pro bono panel. For the following reasons, the motions are granted in part and denied in part. Further, the Court will *sua sponte* conduct frivolity review.

## BACKGROUND

This case stems from the death of Rebecca Bowden Allen Johnson, who passed away in March 2016. Plaintiff alleges that she "expected inheritance of her mother's estate." DE 1 at 2. However, two of her siblings—Arthur L. Allen, since deceased, and Steve R. Allen—were named beneficiaries of the will, which was probated in Wake County, North Carolina. In response,

Plaintiff filed a will caveat, which was unsuccessful. Plaintiff then embarked on a tour of litigation, filing multiple cases against multiple defendants, which ultimately resulted in the Wake County Superior Court enjoining her from "filing any further motion, pleading, or document related to the Matters (defined below) in Wake County Court or any other Court in North Carolina without the prior approval of the Court." [DE 41-1 at 5].

The present case alleges, so far as the Court can determine, that numerous lawyers, judges, credit unions, and Plaintiff's relatives fraudulently, negligently, and maliciously conspired to deprive her of her civil rights in violation of 28 U.S.C. § 1983 and the Fair Debt Collection Practices Act. Nearly all of these defendants have filed motions to dismiss, which will be dealt with in turn.

## ANALYSIS

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

Rule 12(b)(5) authorizes dismissal for insufficient service of process, or a deficiency in service itself. *See Washington v. Cedar Fair, L.P.*, No. 3:22-cv-244-MOC-DSC, 2023 U.S Dist.

LEXIS 16559, at *5 (W.D.N.C. Feb. 1, 2023). When a defendant moves to dismiss for insufficient service of process, the plaintiff must demonstrate that service has been effected in accordance with the rules. *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (alteration and citation omitted).

Because Plaintiff Allen Henderson is proceeding pro se, the Court construes her filings liberally and holds them to a less stringent standard than it would formal pleadings drafted by lawyers. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Still a pro se plaintiff must satisfy the obligation to state a plausible claim under the pleading standards. And it is not the Court's role to construct legal arguments for the plaintiff. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).

3

I. **Motion to Dismiss – Judge Valerie Zachary, Judge Jeff Carpenter, Judge Julee Flood, and the North Carolina Supreme Court Clerk of Court Grant E. Buckner.**

Absolute judicial immunity is a bedrock principle of our legal system. It is firmly settled law that "a judge may not be attacked for exercising his judicial authority, even if done improperly." *Mullins v. Oakley*, 437 F.2d 1217, 1218 (4th Cir. 1971). The only two circumstances in which judicial immunity does not apply are when a judge acts outside of their judicial capacity or in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).

Neither of those exceptions apply here. Plaintiff contends that a judge acts outside of their judicial capacity when they make decisions contrary to state law or constitutional doctrine [DE 19 at 11]. This is incorrect, as judicial immunity applies "even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). The proper measure of whether an act is judicial in nature is whether the act is "a function normally performed by a judge." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Approving wrongful death settlements and granting motions to dismiss are functions normally performed by judges. Plaintiff's disagreement with the decisions of those judges does not thereby open those judges to suit—the exact circumstance in which absolute judicial immunity is meant to apply.

The decisions of state court judges are further protected from federal scrutiny by the *Rooker-Feldman* doctrine, which prevents federal district courts from exercising jurisdiction over challenges to state court decisions. *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 196 (4th Cir. 2002). "A party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).

4

The Plaintiff's response offers no compelling arguments for why neither of these settled legal principles would apply. Accordingly, the claims against the judicial defendants must be dismissed.

## II. Motion to Dismiss – Hedrick Gardner, Kincheloe & Garofalo, LLP; Duane Jones; Cathleen M. Plaut, State Employees Credit Union, William D. Harazin PLLC.

The above-named defendants have moved to dismiss the claims against them, arguing that Plaintiff's claims are insufficient for a variety of reasons. The Court agrees.

### A. Defendants SECU and William D. Harazin

Defendants SECU and Harazin argue that Plaintiff's claims against them were resolved by order of the Wake County Superior Court and are therefore prevented from being relitigated by both *Rooker-Feldman* and the doctrine of *res judicata*. The Court agrees.

The doctrine of *res judicata* "applies when later litigation between two parties arises from the same cause of action as previous litigation between the parties." *Schwartz v. J.J.F. Mgmt. Servs., Inc.*, 922 F.3d 558, 566 (4th Cir. 2019). When the subsequent case is filed in federal court, the preclusive effect of a prior judgment in state court is determined by the law of that state. *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008). In North Carolina, that requires "(1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." *Orlando Residence, Ltd. v. All. Hosp. Mgmt., LLC*, 846 S.E.2d 701, 708–09 (N.C. 2020).

Those elements are met here. The previous state case was dismissed pursuant to Rule 12(b)(6), which operates as a judgment on the merits. *Clancy v. Onslow Cnty.*, 564 S.E.2d 920, 923 (2002). The cause of action between the former state and current federal cases are identical,

having arisen out of the same factual background regarding foreclosure proceedings. Finally, both parties are identical between the suits. *Compare* DE 1 *with* DE 30-1.

Plaintiff's response to the issue of *res judicata* does not directly address any of the elements of preclusion, and offers no other compelling argument for why *res judicata* should not apply [DE 68 at 21]. As such, the Court finds that *res judicata* applies and Plaintiff cannot continue to pursue this claim against these defendants.

### B. *Defendants Plaut, Jones, and Hedrick Gardner, Kincheloe & Garofalo LLP*

Plaut, Jones, and Hedrick, Gardner, Kincheloe & Garofalo LLP are lawyers and law firms who defendants hired to represent them at various stages of the state court trial and appellate proceedings. Generally, an attorney only owes a professional duty to his clients or any third-party beneficiaries of the attorney-client relationship. *Schatz v. Rosenberg*, 943 F.2d 485, 492–93 (4th Cir. 1991).

The State of North Carolina is understandably "hesitant to hold attorneys liable for actions that impact non-client third parties, as these third parties are not in privity with the attorney's employment contract." *CSC Emp. Benefits Fiduciary Comm. v. Avera*, 2015 WL 4041333, at *2 (E.D.N.C. 2015). An attorney may be held liable in tort to a non-client third party only in limited circumstances, such as when the party is in privity of contract with the attorney, is a third-party beneficiary of such a contract, or has a "working relationship" with the attorney. *United Leasing Corp. v. Miller*, 263 S.E.2d 313, 316–17 (N.C. App. 1980).

The plaintiff has included no such allegations here—instead, she has only alleged that the defendants represented parties who were adverse to her. In an adversary system such as ours, legal representation alone is not grounds for a lawsuit. Accordingly, Plaintiff's claims against these defendants must be dismissed.

6

### III. Motions to Dismiss – Anthony Klish, Edward Maginnis, and Maginnis Howard PLLC

Defendant Edward Maginnis has moved to dismiss the claims against him on the grounds that the Plaintiff's claims are "inextricably intertwined" under *Rooker-Feldman*. DE 40. Defendant Anthony Klish has moved to dismiss on identical grounds [DE 60], and the Court will discuss both motions together.

*Rooker-Feldman* applies to the review of both "issues actually decided by the state court" and review of "those claims which are 'inextricably intertwined' with state court decisions." *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000). Claims are "inextricably intertwined" when, for the claims to succeed, the federal court must determine "that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997). *Rooker-Feldman* is a narrow doctrine, which is "confined to cases" that are "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). A litigant cannot escape *Rooker-Feldman* by instituting a federal action which, though not a direct appeal, "amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court." *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003).

Here, the relief Plaintiff seeks is "an immediate injunction declaratory relief to have [her] mother's estate properly administered for distribution of [the will] properly determined by the evidence and a jury trial." DE 1 at 54. Characteristic of Plaintiff's filings, this request is accompanied by voluminous and conclusory allegations of fraud, conspiracy, and malevolence leveled against lawyers, lacking any meaningful factual support.

If the Court were to decide in Plaintiff's favor on any of her claims, it would be required to determine that the state courts wrongly decided the issues before them, and this Court is barred from engaging in such review. Accordingly, the claims levied by Plaintiff against Defendant Maginnis and Defendant Klish are inextricably intertwined under *Rooker-Feldman* and must be dismissed for lack of subject matter jurisdiction.

### IV. Plaintiff's Motion for Default Judgment

The Plaintiff has motioned under Fed. R. Civ. P. 55 that default judgment be awarded to her against Defendant Mary Flager Allen and Defendant Steve R. Allen because those defendants did not respond to the complaint [DE 28].

The United States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on their merits." *United States v. Shaffer Equip. Co.,* 11 F.3d 450, 453 (4th Cir.1993). Default judgment is available when the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh,* 359 F. Supp. 2d 418, 421 (D. Md. 2005).

However, "[a] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *DIRECTV, Inc. v. Pernites,* 200 Fed. App'x 257, 258 (4th Cir. 2006) (quoting *Nishimatsu Const. Co. v. Houston Nat. Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). "The district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered," and the Court may "refuse to enter a default judgment." *Id.* Accordingly, the Court must "determine whether the well-pleaded allegations in [Plaintiff's] complaint support the relief sought," since a party in default does not admit mere conclusions of law. *Ryan v. Homecomings Fin. Network,* 253 F.3d 778, 780 (4th Cir. 2001).

8

Here, the Court is confident that the unchallenged facts included in plaintiff's complaint are insufficient to constitute any legitimate cause of action identified by the plaintiff, nor, indeed, any other that the Court can discern. Plaintiff's allegations are verbose and difficult to parse. The facts alleged related to Defendant Mary Flager Allen show, at most, that the Plaintiff paid some amount of consumer debt that she may not have had to pay [DE 1 at 38]. Appending the words "fraud scheme" and "negligence" to a claim of erroneous payment is conclusory and does not create a cause of action. The facts alleged related to Steve Allen show the same erroneous payment, coupled with conclusory allegations that Steve Allen conspired with law firms to prevent Plaintiff from bringing suit to enforce her rights [DE 1 at 41–42]. Plaintiff's factual support for these claims is thin to nonexistent, and her allegations are incapable of making out any discernable claim entitling her to relief.

The Court therefore determines that the entry of default judgment in this matter is inappropriate. The motion for the entry of default is denied.

### V. Motion to Compel

On July 25, 2024, Plaintiff moved to compel Defendant Edward Maginnis to turn over information about Defendant Klish's information for service of process. Concurrently, Plaintiff moved under Rule 37 for sanctions in the amount of $5,000 for refusing to provide such information to Plaintiff [DE 26 at 4]. Defendant Edward Maginnis responded in opposition, and Plaintiff replied.

Rule 37 permits a motion to compel in only two circumstances: (1) compelling a disclosure required by Rule 26(a); or (2) compelling a discovery response. *See* Fed. R. Civ. P. 37(a)(3)(A)–(B). Discovery has not yet commenced, and the only disclosures permitted under Rule 26(a) are initial discovery disclosures about individuals and documents that the Defendant could use to

9

Case 5:24-cv-00319-BO-RJ    Document 81    Filed 03/31/25    Page 9 of 15

support its claims or defenses. *See* Fed. R. Civ. P. 24(a). Nowhere in Rule 37 or Rule 26 is a requirement that one defendant assist the plaintiff in securing service of process against another defendant by providing addresses or phone numbers.

Further, the Court may only order sanctions under Rule 37 if a party or their agent fails to appear for a deposition, Fed. R. Civ. P. 37(d)(1)(A)(i), a party fails to respond to properly served interrogatories, Fed. R. Civ. P. 37(d)(1)(A)(ii), or a party fails to obey a court's order to provide discovery, Fed. R. Civ. P. 37(b)(2)(A). The present circumstances fit into none of those Rule 37 categories, nor, indeed, *any* category justifying the awarding of sanctions—whether that be Rule 11, Rule 26, or 28 U.S.C. § 1927.

Plaintiff's motion is ill-founded, and her central theory of recovery—that "Edward Maginnis is the one who is more learned in the legal profession than the Plaintiff and should be sanctioned for it"—is unwarranted, improper, and plainly incorrect. DE 26 at 3. The motion to compel is denied.

The Court notes that, in response, Defendant Maginnis requests that the Court assess Rule 11 sanctions against the Plaintiff [DE 8]. Given the scope of this order, and the dismissal of the vast majority of Plaintiff's claims, the Court will not order such sanctions at this time.

### VI. Motion to Submit the Case to the Pro Bono Panel

The Plaintiff has motioned that this case be submitted to the pro bono panel [DE 25]. Review by the pro bono panel does not guarantee that counsel will be secured, and submission of a case to the panel frequently results in a declination of representation. *Reath v. Social Security Administration*, 2018 WL 2291299, at *2 (E.D.N.C. 2018).

The Court will not refer this case to the pro bono panel on this motion. Judicial solicitation of the bar for free legal representation for a *pro se* party remains "a matter within the discretion of

10

the [ ] Court. It is a privilege and not a right." *Bowman v. White*, 388 F.2d 756, 761 (4th Cir. 1968). To merit such solicitation, a *pro se* plaintiff "must show that his [or her] case is one with exceptional circumstances." *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Having reviewed the record, the Court believes that this plaintiff does not present exceptional circumstances here. Accordingly, the motion to refer the case to the pro bono panel will be denied.

## VII. Motion for Extension of Time to Serve Anthony M. Klish

Plaintiff has moved for an extension of time in which to effect service on Defendant Klish [DE 44]. Since the time of filing, Defendant Klish has been served and has responded [DE 60]. As such, this motion will be denied as moot.

## VIII. Motions for Extensions of Time to File and to Exceed Word Count

Federal Rule of Civil Procedure 6(b)(1)(A) empowers the Court to extend the time in which to act "for good cause." On the multiple motions for an extension of time to act present in this case, the Court makes the following determinations.

Defendant Maginnis Howard PLLC's motion for an extension of time to file an answer [DE 23] is granted, the motion being made before the expiration of time for performance and for good cause shown.

Defendant Klish's motion for an extension of time to file an answer [DE 47] is granted, the motion being made before the expiration of time for performance and for good cause shown.

Plaintiff has filed multiple motions for extensions of time to respond to all defendants in this case [DE 37, 38, 42, 48, 54, 50, 51, 52, 56, 58, 59, 61, and 63]. Good cause is not a demanding standard, *Peche v. Keller*, 2012 WL 2128095, at *6 (M.D.N.C. 2012), yet the Plaintiff has failed to meet it for months. The Plaintiff's justification for these extensions amounts to, repeatedly, "[t]he Plaintiff's time schedule continues to not allow her time to properly write an opposition[.]"

*See, e.g.,* DE 61 at 2. This does not constitute good cause, even given the leeway traditionally afforded to *pro se* plaintiffs. Accordingly, all of Plaintiff's motions for extensions are denied.

Similarly, the Plaintiff has filed several motions for permission to exceed the word count limit on her responsive pleadings. As the time for filing a response has elapsed and good cause has not been shown for an extension to be granted, these motions [DE 73, 75, and 78] will be denied as moot.

## IX. Frivolity Review

Up to this point, this case has not yet undergone the strictures of frivolity review. A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 n.10 (4th Cir. 2006). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must typically grant plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 239 F.3d 103, 114 (3d Cir. 2002).

Here, for all reasons discussed previously, and particularly those contained in Part IV, the Court finds that Plaintiff's claims are legally frivolous because they lack an arguable basis either in law or in fact, and the "complaint plainly fails to state a claim for relief, [such that] the district court has no discretion but to dismiss it." *Nix v. NASA Fed. Credit Union*, 200 F. Supp. 3d 578, 586 (D. Md. 2016) (quotations omitted). At bottom, Plaintiff has alleged a wide-ranging

conspiracy between her family members, attorneys, financial institutions, and every level of state court judge. Though Plaintiff has pointed to many sections of the U.S. Code in her complaint and filings, nowhere does she provide facts adequate to support those charges.

If a plaintiff's case is dismissed on frivolity review, the plaintiff must traditionally be afforded the chance to amend her complaint. However, leave to amend is not necessary if amendment would be inequitable or futile. *See O'Dell v. United States Gov't*, 256 Fed. App'x 444 (3d Cir. 2007) (leave to amend is improper if Plaintiff's claims appear "patently meritless and beyond all hope of redemption"); *see also Chute v. Walker*, 281 F.3d 314, 319 (1st Cir. 2002). Here, in neither her complaint, nor her numerous other motions, nor her responses to motions to dismiss, has Plaintiff adduced arguments or facts indicating that she may have a plausible claim to relief. Further, there is no indication that such facts would be forthcoming were Plaintiff granted leave to amend her complaint. No facts she could produce, for instance, would be adequate to overcome the bar of absolute judicial immunity. No facts could overcome the jurisdictional bar of *Rooker-Feldman*.

For these reasons, the Court determines that the Plaintiff's complaint is frivolous under 28 U.S.C. § 1915 and fails to state a claim upon which relief may be granted, and dismissal of the entire complaint is appropriate.

## CONCLUSION

The motion to dismiss filed by Judge Valerie Zachary, Judge Jeff Carpenter, Judge Julee Flood, and the North Carolina Supreme Court Clerk of Court Grant E. Buckner [DE 31] is GRANTED.

The motion to dismiss filed by the State Employees Credit Union, Cathleen Plaut, William D. Harazin PLLC, Duane Jones, Hedrick Gardner Kincheloe & Garolfalo LLP, and John Wright [DE 29] is GRANTED.

The motions to dismiss by Defendants Edward Maginnis and Maginnis Howard [DE 40] and by Anthony Klish [DE 60] are GRANTED.

Plaintiff's motion to submit the case to the pro bono panel [DE 25] is DENIED.

Plaintiff's motion to compel [DE 26] is DENIED.

Plaintiff's motion for an extension of time in which to serve Defendant Klish [DE 44] is DENIED AS MOOT.

The motions for an extension of time to answer filed by Defendants Maginnis Howard PLLC [DE 23] and Anthony Klish [DE 47] are GRANTED.

Plaintiff's motions for an extension of time in which to file responsive pleadings [DE 37, 38, 42, 48, 54, 50, 51, 52, 56, 58, 59, 61, and 63] are DENIED. Plaintiff's motions to exceed the word count [DE 73, 75, and 78] are DENIED AS MOOT.

Plaintiff's motion for the entry of default judgment against Defendants Mary Flager Allen and Steve R. Allen [DE 28] is DENIED.

The claims against Defendants State Employees Credit Union, Cathleen M. Plaut, Duane Jones, Edward Maginnis, Judge Valerie Zachary, Judge Jeff Carpenter, Judge Julee Flood, Clerk Grant E. Buckner, William D. Harazin PLLC, John Wright, Hedrick Gardner, Kincheloe & Garofalo LLP, and William D. Harazin are DISMISSED WITH PREJUDICE.

Having conducted a *sua sponte* frivolity review in accordance with the provisions of 28 U.S.C. § 1915, the Court determines that Plaintiff's complaint is meritless and does not state a

claim upon which relief may be granted, and that granting leave to amend would be futile. Accordingly, the Court DISMISSES this action in its entirety.

The clerk is DIRECTED to close the case.

SO ORDERED, this  31  day of March 2025.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE